# Melanosky v. Stolper.

A judgment in trespass cannot be sustained upon a claim "$16.00 damages for stove bought of defendant . . . same being worthless and not fit to use. The stove delivered not being the same as that purchased by plaintiff . . . and defendant has refused to repair said stove or exchange same as agreed at time of delivery."

### TRESPASS—BREACH OF CONTRACT.

No. 200, May Term, 1903, C. P. of Luzerne County.

Certiorari.

G. Fred Lazarus, Esq., for Defendant in error.

George L. Fenner, Esq., Contra.

Opinion by FERRIS, J., June 8, 1903.

## EXCEPTIONS.

The defendant above named, Morris Stolper, by his Attorney, files the following exceptions to the record of the Justice in the afore-mentioned case:

First: The Summons issued by the Justice does not state definitely or precisely where the office of the Justice is located in the Borough of Ashley.

Second: The summons is served by one John Clark, who

Melanosky v. Stolper.

styles himself Constable, the said summons being directed to the Constable of Ashley Borough or any other Constable of Ashley Borough, but the record nowhere shows that John Clark is a Constable duly delegated to serve process in Luzerne County.

Third: The Justice had no jurisdiction of the subject-matter of this action.

Fourth: The Justice had no authority to enter a Judgment in Trespass, because if the defendant is liable in any event, he is only liable for damages arising from a breach of contract.

Fifth: General Exceptions.

Filed May 13, 1903.

## OPINION:

The record here sets forth that this was an action of trespass in which the plaintiff claimed $16.00 damages for stove bought of defendant on or about the 16th day of January, 1903, same being worthless and not fit for use. The stove delivered not being the same as that purchased by plaintiff at defendant's place of business, the oven plate and fire box having been broken and damaged by defendant, and defendant has refused to repair said stove or exchange same as agreed at time of delivery."

There is here no claim that the stove was broken or damaged by the defendant after it became the plaintiff's property. It is manifest from the above-quoted statement of the cause of action that it is founded upon an alleged breach of contract. A judgment in trespass thereon cannot be sustained. The error is not only formal but substantial also, since there are incidents attaching to a judgment in trespass materially different from those of a judgment entered on a contract, and to which the defendant should not be subjected. Heidenreich vs. Daniels, 8 Kulp 528. Dougherty vs. Mfg. Co. 5 Kulp 148.

The fourth exception is sustained and the judgment reversed.

Reported by Ernest K. Little, Esq.,
Wilkes-Barre, Pa.